# Overseers of the Poor of Hickory Township, Appellants, *v.* Overseers of the Poor of Scott Township.

*Poor law—Settlement—Payment of taxes.*

The payment of taxes for two years successively is the statutory requisite to gain a residence in any poor district under the Act of June 12, 1836, P. L. 539.

Absence during a three years' residence does not affect a statutory living for purpose of gaining a settlement, nor does payment being made outside of the township affect the legal result, which is controlled by the fact, not place of payment.

Argued May 13, 1898. Appeal, No. 202, April T., 1898, by plaintiffs, from order of Q. S. Lawrence Co., June Sess., 1897, No. 41, on case stated in favor of defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Appeal by overseers of the poor of Hickory township from the order of two justices of the peace removing two paupers, Alexander Anderson and wife, from the township of Scott to the township of Hickory. Before WALLACE, P. J.

The facts sufficiently appear from the case stated as follows:

It is agreed that Alexander Anderson and wife, the paupers, moved into Hickory township in November, 1893, and lived there until April 1, 1896, when they removed to Neshannock township and lived there until June 1, 1896, when they returned to Hickory township where they lived until February, 1897, when they moved into Scott township.

That the said Anderson paid taxes assessed against him as follows in Hickory township, to wit: October 4, 1894, a county tax for the year of 1894, amounting to sixty-one cents. May 16, 1896, county, poor and cash road tax for the year 1895, amounting to thirty-seven cents. September 12, 1897, county tax for the year 1896, amounting to thirty-seven cents.

The payments are evidenced by three receipts attached to the depositions.

If under above facts the court is of opinion a settlement was acquired by the paupers in Hickory township, the appeal to be dismissed at cost of appellants, but if of opinion that under

these facts they did not acquire a settlement in Hickory township, the appeal to be sustained and decree accordingly.

The appellants requested the court to find that on the facts agreed upon the paupers have no settlement in Hickory township. The court below refused the request of the appellants and overruled the point of law made by them and ordered that the appeal be dismissed. Plaintiffs appealed.

*Error assigned* was in the decision of the appellants' point of law, reciting same.

*J. Norman Martin*, with him *Dana & Long*, for appellants.— The residence essential to the acquisition of a settlement does not appear in this case: Poor District v. Poor District, 15 W. N. C. 183.

The assessments and payment of any two of them were sufficient. But our contention is, that the residence was insufficient. He had never, while living in Hickory, acquired a settlement there. At April 1, 1896, he had resided in the township and paid one tax. Had he then paid the tax for 1895, his settlement would have been gained. But he had not then paid the second tax. He then removed into Neshannock. He could not, while residing in Neshannock, perform any act necessary to complete the conditions requisite for acquiring a settlement in Hickory.

The judge below impliedly admits this, for he seems to base his conclusion on calling the residence in Neshannock "temporary." The residence in Neshannock was precisely the same as in Hickory, or afterwards in Scott. True, it was for a shorter time in Neshannock. But longer or shorter it intervened to prevent the concurrence of the things requisite to gain the alleged settlement, viz : the assessment and payment of taxes for two years successively by one residing in the township.

*B. A. Winternitz*, with him *John G. McConahy*, for appellees. —A fixed residence in a district for no specified time, coupled with a legal charge of public taxes therein for two successive years, and the payment thereof gains a settlement. It was the payment of the tax legally charged that the legislature had in mind, and when Hickory township accepted the tax for

three years in succession, it took upon itself the burden of the settlement of the pauper.

OPINION BY ORLADY, J., November 21, 1898:

It is not required by the Act of June 12, 1836, P. L. 539, that a person, who shall come to inhabit in any district in order to gain a residence under the provisions of paragraph 11 of section 9, shall remain continuously therein, in addition to being charged with and paying his proportion of the public taxes or levies for two years successively.

The payment of taxes for two years successively is the statutory requisite, and the fact that Anderson had been away from Hickory township for two months during the three years he had been a resident of and had been taxed in that township, did not affect his statutory living in Hickory township for the purpose of gaining a settlement. The taxes were regularly assessed against him by Hickory township, and the tax collector of that township followed Anderson to Neshannock township to make demand for them, and again to Scott township for the same purpose, and received from him the taxes for three successive years, 1894, 1895 and 1896. The fact that two payments were made outside the township is unimportant, as the material matter was the payment of taxes, and not the place where it was paid.

The judgment is affirmed.